UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL T. WEBSTER, | ) | CASE NO. 5:10 CV 599 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| CITY OF KENT, OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a "Motion to Alter or Amend Judgment" (ECF #27) on August 10, 2010 to ask this Court to reconsider its decision to dismiss this action on July 13, 2010 and permit him to file his proposed third Amended Complaint "or a derivative thereof."  (Mot. at 8.)  He also filed a "Motion to Correct Oversight or in the Alternative to Strike."  (ECF # 28).  In the Motion to Correct, he told the Court he inadvertently attributed a comment to United States District Judge Sara Lioi that was actually said by his attorney.  He asks the Court to strike that comment from his Motion to Alter or Amend Judgment.  The Motion to Correct is granted.  For the reasons set forth below, the Motion to Alter or Amend Judgment is denied.

Plaintiff filed this action on March 22, 2010 asserting that falsified evidentiary materials were produced and used during depositions in a previous federal lawsuit.  He sought federal and state criminal charges against the defendants, injunctive relief, and monetary damages. Thereafter, he filed two Amended Complaints and sought leave to file a third Amended Complaint.  Each of these pleadings became progressively more voluminous.  The Court issued its Memorandum Opinion and Order dismissing the action on July 13, 2010.  (ECF #25).

(5:10 CV 599)

Mr. Webster now has filed a Motion to Alter or Amend Judgment, pursuant to Federal Rule of Civil Procedure 59(e), seeking relief from the Court's decision to dismiss the action. Specifically, he alleges his case has merit. He reiterates that he did not discover the video tapes of his arrest were altered until he received the report from his expert in April 2008. He states he was choked during his arrest and was deprived of oxygen. He indicates that the deprivation of oxygen affected his memory of the events, thereby making it impossible for him to accurately judge their authenticity without the use of the expert. He further asserts that his action should not be barred by the doctrine of *res judicata* because he added defendants and voluntarily dismissed most of his claims in his 2007 lawsuit. He contends the claims raised in this action also were sufficiently distinct from the claims asserted in his previous lawsuit. Finally, he contends that he stated a claim for relief under 42 U.S.C. § 1985 because he alleged discrimination based on mental illness.

Federal Rule of Civil Procedure 59(e) permits a party to file a Motion to Alter or Amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered, or to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Keeweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1141 (W.D. Mich.1996).

2

(5:10 CV 599)

Mr. Webster raised all of these arguments prior to judgment. They were already considered by the Court when the Memorandum Opinion was issued. Rule 59(e) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. There is nothing in Mr. Webster's Motion to Alter or Amend Judgment that justifies relief from judgment under Rule 59(e).

For the foregoing reasons, Mr. Webster's Motion to Correct (ECF # 28) is GRANTED, and the Motion to Alter or Amend Judgment (ECF #27) is DENIED .

IT IS SO ORDERED.


August 12, 2010        s/David D. Dowd, Jr.
Date                   DAVID D. DOWD, JR.
                       UNITED STATES DISTRICT JUDGE